**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

MARC ALLEN BARCLAY,

    Plaintiff,

    v.

PRIMECARE MEDICAL, INC.,

    Defendant.

Civil Action No.:  PX-25-3018

**MEMORANDUM ORDER**

Plaintiff Marc Allen Barclay filed the above-captioned Complaint on September 11, 2025, in which he states that he is not receiving adequate medical care at Washington County Detention Center ("WCDC").  ECF No. 1.  The Court ordered Defendant PrimeCare Medical, Inc. to show cause why Barclay should not be granted injunctive relief.  ECF No. 4.  PrimeCare responded on October 13, 2025, along with a Motion to Seal.  ECF Nos. 6, 7.  For the following reasons, injunctive relief is DENIED as MOOT, and the motion to seals is GRANTED.  Barclay will also be directed to amend his Complaint to cure the pleading deficiencies as described below.

Barclay's motion for injunctive relief relates to the provision of care for his many ailments. PrimeCare has submitted Barclay's relevant medical records, which demonstrate a consistent, albeit imperfect, course of care.  However, since that time, Barclay has been released from WCDC custody.  *See*  https://www.washcosheriff.com/inmateSearch  (last  visited  March  30,  2026). Accordingly, any claim for injunctive relief is moot.  *See Rendelman v. Rouse,* 569 F.3d 182, 186 (4th Cir.2009) (holding that, "as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there").

Turning next to the Complaint, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A require the Court to screen the Complaint for sufficiency. *See Lomax v. Ortiz-Marquez,* 590 U.S. 595 (2020). Barclay broadly avers that PrimeCare provided constitutionally inadequate medical care, in violation of the Eighth Amendment to the United States Constitution, brought pursuant to 42 U.S.C. § 1983. Section 1983, however, does not impose liability on supervisors for the wrongdoing of their employees. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Rather, a supervisor may be liable for the violations of their subordinates if the supervisor knew the subordinates had posed an unreasonable risk of constitutional injury to the plaintiff and failed to respond in such a manner that gives to an inference of deliberate indifference or tacit authorization of their subordinates' bad acts. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Additionally, under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), a public entity or municipality may be liable under § 1983 if the municipality's policy, custom or practice contributed to the individual officers' violation of the plaintiff's constitutional rights. *Id.* at 690–91. *Monell* liability has been extended to private entities operating under color of state law, including private prison health care providers. *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 49 (1988); *Polk Cnty. v. Dodson*, 454 U.S. 312, 320 (1981); *Rodriguez v. Smithfield Packing Co.*, 338 F.3d 348, 355 (4th Cir. 2003); *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). However, to make plausible a *Monell* claim, the Complaint must aver that (1) the municipality had an unconstitutional policy or custom; and (2) the unconstitutional policy or custom caused a violation of the plaintiff's constitutional rights. *See, e.g.*, *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997); *Kirby v. City Of Elizabeth City*, 388 F.3d 440, 451 (4th Cir. 2004); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). Where, as here, the

2

plaintiff alleges constitutional deprivation while in pretrial detention, the Complaint must make plausible that he has been subjected to "'governmental action' that is not 'rationally related to a legitimate nonpunitive governmental purpose' or that is 'excessive in relation to that purpose'" and with deliberate indifference. *Short v. Hartman*, 87 F.4th 593, 608–09 (4th Cir. 2023) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)).  "To state a claim of deliberate indifference to a medical need … a pretrial detainee must plead that (1) [he] had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." *Short*, 87 F.4th at 611.

Because Barclay proceeds pro se, and has a potentially cognizable claim, the Court will give him an opportunity to amend his Complaint to include more facts supporting his claims and to name the appropriate defendants. *See Johnson v. Silvers*, 742 F.2d 823, 825 (4th Cir. 1984).  In amending the Complaint, Barclay shall provide the dates and locations of relevant events, name as individual defendants the persons who participated in the alleged wrongdoing, explain how each defendant acted or failed to act which resulted in the violation of his constitutional rights, describe the harm he suffered as a result of their misconduct, and list the relief requested.

Any proposed amended complaint must conform to Federal Rule of Civil Procedure 8(a), which requires that the pleading include a short and plain statement of the claim that shows the plaintiff is entitled to relief such that the defendant is fairly placed on notice of the claim and the "grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Rule 8(d)(1) also requires that complaint allegations

3

must be "simple, concise, and direct."  A complaint that includes only legal conclusions, labels, or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rule 10(a) requires that the complaint identify each defendant allegedly responsible for the wrongdoing.  *See* Fed. R. Civ. P. 10(a).

Barclay is reminded that the amended complaint will replace the current Complaint.  *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000)).  Accordingly, Barclay must include all allegations against each of the defendants he names so that the amended complaint stands alone as the sole complaint in this case.  Last, Barclay is warned that failure to file an amended complaint consistent with this order may result in the dismissal of the case without prejudice and without further notice.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  If Barclay, while incarcerated, has three such actions or appeals dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1), his right to file a complaint in federal court without first paying the filing fee ($405) will be greatly curtailed.  *See* 28 U.S.C. § 1915(g).

For the reasons stated, and on this 31st day of March 2026, by the United States District Court for the District of Maryland, it is hereby ORDERED that:

1.  Plaintiff Marc Allan Barclay's motion to proceed in forma pauperis, ECF No. 2, is GRANTED;

2.  Barclay's request for injunctive relief IS DENIED as MOOT;

3.  Defendant PrimeCare Medical, Inc.'s Motion to Seal, ECF No. 7, IS GRANTED;

4.  Barclay IS GRANTED 28 days from the date of this Order to file an amended complaint as directed;

5.  The Clerk SHALL SEND a copy of this Order to counsel and to Barclay with a copy of the original complaint and a blank civil rights complaint form with included instructions; and

6.  Barclay IS FOREWARNED that:

    a.  The amended complaint must meet the directions of this Order, or the amended complaint will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and without further notice; and

    b.  If the amended complaint is not timely filed, this case will be dismissed for failure to comply with this order without further notice.


| 3-31-26 | /s/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |

5